KAREN S. FRANK (State Bar No. 130887)
JULIA D. GREER (State Bar No. 200479)
JEREMIAH J. BURKE (State Bar No. 253957)
COBLENTZ PATCH DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415.391.4800
Facsimile:  415.989.1663
Email:   ksfrank@coblentzlaw.com,
             ef-jdg@cpdb.com,
             jburke@coblentzlaw.com

Attorneys for Broadcast Music, Inc., et al.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADCAST MUSIC, INC.; AMAZEMENT MUSIC; MJ PUBLISHING TRUST d/b/a MIRAN PUBLISHING INC.; COMART MUSIC; EMI VIRGIN SONGS, INC. d/b/a EMI LONGITUDE MUSIC; SONY/ATV SONGS LLC; THE BERNARD EDWARDS COMPANY LLC; WARNER-TAMERLANE PUBLISHING CORP.; SONGS OF UNIVERSAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JMN RESTAURANT MANAGEMENT CORP. d/b/a SPIN-A-YARN RESTAURANT; and SAKI KAVOUNIARIS, individually, <br><br> Defendants. | Case No. 14-1190 <br><br> **COMPLAINT** <br><br> Trial Date:      None Set |

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION

1.      This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act").  This Court has

13389.001 2669450v2

1

**COMPLAINT**

jurisdiction pursuant to 28 U.S.C. Section 1338(a).

## VENUE

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## INTRADISTRICT ASSIGNMENT

3. Pursuant to Civil L.R. 3-2(c) and General Order No. 44, as an Intellectual Property action this case is properly assigned to any division of this Court, except that pursuant to Civil Local Rules 3-2(g) and 73-1, Plaintiffs do not consent to assignment to a Magistrate Judge in the Eureka Division.

## THE PARTIES

4. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 8.5 million copyrighted musical compositions (the "BMI Repertoire"), and currently includes all of those which are alleged herein to have been infringed.

5. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

6. Plaintiff Amazement Music is a sole proprietorship owned by Frankie Beverly. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff MJ Publishing Trust is a trust doing business as Miran Publishing Inc. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Comart Music is a sole proprietorship owned by Howard Comart. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff EMI Virgin Songs, Inc. is a corporation doing business as EMI Longitude Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Sony/ATV Songs LLC is a limited liability company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff The Bernard Edwards Company LLC is a limited liability company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Defendant JMN Restaurant Management Corp. is a corporation organized and existing under the laws of the State of California, which operates, maintains and controls an establishment known as Spin-A-Yarn Restaurant, located at 45915 Warm Springs Boulevard, Fremont, California 94539-6746, in this district (the "Establishment").

15. In connection with the operation of the Establishment, Defendant JMN Restaurant Management Corp. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

16. Defendant JMN Restaurant Management Corp. has a direct financial interest in the Establishment.

17. Defendant Saki Kavouniaris is an officer of Defendant JMN Restaurant Management Corp. with primary responsibility for the operation and management of that corporation and the Establishment.

18. Defendant Saki Kavouniaris has the right and ability to supervise the activities of Defendant JMN Restaurant Management Corp. and a direct financial interest in that corporation and the Establishment.

**CLAIMS OF COPYRIGHT INFRINGEMENT**

19. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 18.

20. Plaintiffs allege six (6) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions owned and/or licensed by the Plaintiffs. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the

convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

21.  Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the six (6) claims of copyright infringement at issue in this action.  Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s); Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

22.  For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

23.  For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

24.  For each work identified on the Schedule, Plaintiff BMI is currently the licensor of the public performance rights in the musical composition identified on Line 2 and was, at the time of the infringement, granted the right by the publisher(s) indentified on Line 4 to pursue actions for infringement of the public performance rights in their musical compositions and to seek damages for such infringement.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

25.  For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publically performed and/or caused to be publicly performed At the Establishment the

1  musical composition identified on Line 2 without a license or permission to do so. Thus,
2  Defendants have committed copyright infringement.

3    26. The specific acts of copyright infringement alleged in the Complaint, as well as
4  Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable
5  damage. By continuing to provide unauthorized public performances of works in the BMI
6  Repertoire at the Establishment, Defendants threaten to continue committing copyright
7  infringement. Unless this Court restrains Defendants from committing further acts of copyright
8  infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at
9  law.

10    WHEREFORE, Plaintiffs pray that:

11    (I) Defendants, their agents, servants, employees, and all persons acting under their
12  permission and authority, be enjoined and restrained from infringing, in any manner, the
13  copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

14    (II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section
15  504(c);

16    (III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant
17  to 17 U.S.C. Section 505; and

18    (IV) That Plaintiffs have such other and further relief as is just and equitable.

DATED: March 13, 2014    COBLENTZ PATCH DUFFY & BASS LLP

By:    */s/ Karen S. Frank*
    Karen S. Frank
    Attorneys for Broadcast Music, Inc., et al.

13389.001 2669450v2

5

**COMPLAINT**

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Before I Let Go |
| Line 3 | Writer(s) | Frankie Beverly |
| Line 4 | Publisher Plaintiff(s) | Frankie Beverly, an individual d/b/a Amazement Music |
| Line 5 | Date(s) of Registration | 6/19/81 |
| Line 6 | Registration No(s). | PA 106-672 |
| Line 7 | Date(s) of Infringement | 10/18/2013 |
| Line 8 | Place of Infringement | Spin-A-Yarn Restaurant |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Don't Stop a/k/a Don't Stop Till You Get Enough |
| Line 3 | Writer(s) | Michael Joe Jackson |
| Line 4 | Publisher Plaintiff(s) | MJ Publishing Trust d/b/a Miran Publishing Inc. |
| Line 5 | Date(s) of Registration | 6/18/79  8/11/80 |
| Line 6 | Registration No(s). | Pau 114-601  PAu 240-861 |
| Line 7 | Date(s) of Infringement | 10/18/2013 |
| Line 8 | Place of Infringement | Spin-A-Yarn Restaurant |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Last Night A D.J. Saved My Life |
| Line 3 | Writer(s) | Mike Cleveland |
| Line 4 | Publisher Plaintiff(s) | Howard Comart, an individual d/b/a Comart Music; EMI Virgin Songs, Inc. d/b/a EMI Longitude Music |
| Line 5 | Date(s) of Registration | 1/7/83     8/12/81 |
| Line 6 | Registration No(s). | PA 159-215     PAu 325-349 |
| Line 7 | Date(s) of Infringement | 10/18/2013 |
| Line 8 | Place of Infringement | Spin-A-Yarn Restaurant |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Upside Down |
| Line 3 | Writer(s) | Bernard Edwards; Nile Rodgers |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC; The Bernard Edwards Company LLC |
| Line 5 | Date(s) of Registration | 8/4/80 |
| Line 6 | Registration No(s). | PA 75-961 |
| Line 7 | Date(s) of Infringement | 10/18/2013 |
| Line 8 | Place of Infringement | Spin-A-Yarn Restaurant |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Roses Are Red |
| Line 3 | Writer(s) | Antonio Reid; Kenny Edmonds |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC; Warner-Tamerlane Publishing Corp. |
| Line 5 | Date(s) of Registration | 12/29/88 |
| Line 6 | Registration No(s). | PA 397-517 |
| Line 7 | Date(s) of Infringement | 10/18/2013 |
| Line 8 | Place of Infringement | Spin-A-Yarn Restaurant |

3

| | | |
|---|---|---|
| Line 1 | Claim No. | 6 |
| Line 2 | Musical Composition | Dance With Me |
| Line 3 | Writer(s) | Peter Brown; Robert Rans |
| Line 4 | Publisher Plaintiff(s) | Songs of Universal, Inc.; EMI Virgin Songs, Inc. d/b/a EMI Longitude Music |
| Line 5 | Date(s) of Registration | 3/30/78 |
| Line 6 | Registration No(s). | PA 2-804 |
| Line 7 | Date(s) of Infringement | 10/18/2013 |
| Line 8 | Place of Infringement | Spin-A-Yarn Restaurant |