UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADCAST MUSIC, INC., et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>JMN RESTAURANT MANAGEMENT CORP., et al.,<br><br>   Defendants. | Case No. 14-cv-01190-JD<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 18 |

The plaintiffs -- Broadcast Music, Inc. ("BMI") and eight copyright owners -- have moved for a default judgment against defendants JMN Restaurant Management Corp. ("JMN") and Saki Kavounaris on six claims of copyright infringement. The Court grants the motion.

## I. BACKGROUND

BMI is a non-profit company in the copyright licensing business. Dkt. No. 18-1 ¶ 4; Dkt. No. 18-1 ¶¶ 2-4. The complaint alleges that it has the right to license the public performance of approximately 8.5 million musical compositions, including the six at issue in this case. Dkt. No. 1 ¶ 4. The owners of the copyrights to those six compositions comprise the remaining plaintiffs. *Id.* ¶ 5.

Defendants JMN and Kavounaris run Spin-A-Yarn Restaurant, located in Fremont, California. Dkt. 1 ¶¶ 14-18; Dkt. No. 18-2 ¶ 3. According to plaintiffs, the six compositions at issue in this case have been publicly performed at the restaurant without plaintiffs' permission. Dkt. No. 1 ¶ 20; Dkt. 18-2 ¶¶ 3-4. Starting on July 29, 2009, BMI began sending letters to the restaurant requesting that the defendants enter into a licensing agreement. Dkt. No. 18-2 ¶ 3. Over the next four years, BMI sent at least 28 letters requesting a license, none of which met with a response. *Id.* ¶¶ 3, 5. Starting June 14, 2010, BMI began sending the defendants a number of cease-and-desist letters, which also went unanswered. *Id.* ¶ 6. The plaintiffs did, however,

1   manage to talk to Kavouniaris over the phone 21 times.  *Id.* ¶ 8.

2   On October 18, 2013, BMI took the further step of sending a researcher to the restaurant to
3   make a recording of the songs that were being played in the restaurant.  *Id.* ¶¶ 10-11.  Analysis of
4   the recording revealed that the six compositions at issue here were among those played.  Dkt. 18-3
5   at 7-10.

6   Plaintiffs sued for copyright infringement with respect to the six compositions on March
7   13, 2014.  The complaint, summons, and related documents were left at the restaurant and mailed
8   on March 19, 2014 (for JMN) and again on March 27, 2014 (for Kavouniaris).  Neither defendant
9   ever appeared or answered.  Plaintiffs requested that the clerk enter default on May 13, 2014,
10  which the clerk did two days later.  Dkt. Nos. 13-14.  On July 1, 2014, plaintiffs filed the motion
11  for default judgment that is the subject of this order.  Dkt. No. 18.

## II. DISCUSSION

### A. Jurisdiction

Before turning to the merits, the Court is obliged to consider whether jurisdiction is proper. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (holding that in a default judgment proceeding, "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties").  The Court finds that it is.  The Court has subject-matter jurisdiction to hear cases that, like this one, arise under the United States Copyright Act.  28 U.S.C. § 1338(a).  And the Court has personal jurisdiction over defendants because the restaurant they operate (where the alleged infringement occurred) is located in California.  Dkt. No. 1 ¶¶ 14, 17.

The defendants were properly served.  Service on an individual is proper if it is done by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1). Service on a corporation, like JMN, may be performed "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Fed. R. Civ. P. 4(h)(1)(A).  California law allows service of an individual "by leaving a copy of the summons and complaint during usual office hours in his or her office … and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and

complaint were left." Cal. Code Civ. P. § 415.20.  Service is then deemed complete on the tenth day after mailing.  *Id.*  Applying these rules here, service on Kavouniaris was effected on April 7, 2014, ten days after March 27, 2014, when the complaint and summons were left for him with an employee at the restaurant and mailed to him at the restaurant's address.  Service on JMN was effected on March 31, 2014.

### B. Default Judgment

Under FRCP 55(b)(2), a party may apply to the Court for entry of judgment by default. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court may consider the following factors in deciding whether to grant a motion for default judgment:

> (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

#### 1. The Merits of the Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors -- the merits of the claim and the sufficiency of the complaint -- are generally considered together because after the entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The allegations in plaintiffs' complaint, taken as true, make out a claim for copyright infringement.  To succeed on a claim for copyright infringement, a plaintiff (1) "must show ownership of the allegedly infringed material," and (2) "must demonstrate that the alleged infringers violate[d] at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007).

With respect to ownership, the complaint alleges that at least one plaintiff owns each of the musical compositions at issue and that BMI is currently the licensor of the public performance rights to each of the works.  Dkt. No. 1 ¶ 24.  And with respect to violating section 106, the

3

complaint alleges that defendants publicly performed the six compositions without authorization. *Id.* ¶ 20; 17 U.S.C. § 106(4) (securing to owners of copyrights in musical works the right "to perform the copyrighted work publicly"). The allegations in the complaint therefore add up to a valid claim for copyright infringement.

### 2. The Remaining *Eitel* Factors

The remaining factors, on balance, also weigh in favor of granting default judgment. The plaintiffs will be prejudiced if default judgment is not granted because they will be left with no way to prevent or recover for the defendants' continued infringement. The amount of money at stake (plaintiffs seek $36,000) is in the same ballpark as awards in other similar cases, and not high enough to militate against granting a default judgment. *See, e.g.*, *Broadcast Music, Inc. v. Paden*, No. 5:11-02199-EJD, 2011 WL 6217414, at *5 (N.D. Cal. Dec. 14, 2011) (awarding statutory damages of $21,000 for three infringements). Because defendants have not appeared, there is no indication that their default is due to excusable neglect, that the material facts are subject to dispute, or that a decision on the merits will be possible. *See Broadcast Music, Inc. v. Kiflit*, No. 12-cv-00866-LHK, 2012 WL 4717852, at *3 (N.D. Cal. Oct. 2, 2012). All in all, default judgment is warranted in light of the *Eitel* factors.

### C. Plaintiffs' Requested Relief

### 1. Statutory Damages

Under 504(c) of the Copyright Act, a plaintiff may elect to recover statutory damages instead of actual damages, and plaintiffs here have chosen to do so. Ordinarily, a district court may award damages of between $750 and $30,000 per copyright infringement. But where the infringement is willful, a district court may award enhanced statutory damages of up to $150,000 per infringement. District courts have "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).

In *Sailor Music v. IML Corp.*, the court noted that, based on a survey of statutory damages awards throughout the country provided by the plaintiffs in that case, "courts typically award three times the amount of a properly purchased license for each infringement." 867 F. Supp. 565, 570

(E.D. Mich. 1994). This rule of thumb has been applied in later decisions. *See, e.g.*, *Kiflit*, 2012 WL 4717852, at *4 (N.D. Cal. Oct. 2, 2012) (awarding statutory damages of "slightly more than three times the cost of the estimated licensing fee"); *Broadcast Music, Inc. v. TLM Investments, P.L.C.*, No. 09-cv-8131, 2010 WL 2891524, at *5-*6 (D. Ariz. Jul. 21, 2010) (awarding statutory damages of "approximately three times the licensing fees that would have been due"); *Broadcast Music, Inc. v. R Bar of Manhattan*, 919 F. Supp. 656, 660 (S.D.N.Y. 1996) (collecting cases showing statutory damages of three times licensing fees, and awarding five times the licensing fee).

Here, BMI claims that it would have received $11,112.50 if defendants had agreed to take a license. Dkt. No. 18-2 ¶ 15. The statutory damage award it seeks -- $36,000.00, or $6,000.00 per infringement -- is slightly more than three times the license fees it would have recovered. The Court concludes that $36,000.00 in statutory damages is reasonable.

**2. Injunctive Relief**

Plaintiffs seek to enjoin defendants and their employees from infringing BMI's copyrights. The Copyright Act allows a Court to grant injunctions "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). The fact that defendants have continued to violate plaintiffs' copyrights despite years of warnings suggests that, absent an injunction, they will go on doing so -- a conclusion bolstered by the fact that the defendants have not responded to plaintiffs' allegations in this Court. The Court will enter the following injunction:

> Defendants and their agents, servants, employees, and all persons acting under their permission and authority, are enjoined from directly or indirectly infringing plaintiffs' rights under federal or state law in any copyrighted musical composition, whether now in existence or later created, that is owned or controlled by plaintiffs (or any parent, subsidiary, or affiliate record label of plaintiffs), or that plaintiffs have the right to license, except pursuant to a lawful license or with the express authority of plaintiffs.

**3. Attorneys' Fees and Costs**

Plaintiffs also seek $4,117.00 in attorneys' fees and $640.00 in costs. Dkt. No. 18-4 ¶ 8. Attorneys' fees and costs are recoverable under the Copyright Act. 17 U.S.C. § 505. The Court

has reviewed both the hours billed and the attorneys' hourly rates and finds them reasonable.  Dkt. No. 18-4 ¶¶ 8-12.  The Court will therefore grant plaintiffs $4,757.00 in fees and costs.

### 4. Interest on the Judgment

The Court grants plaintiffs' request for interest on the judgment from the date of this judgment.  28 U.S.C. § 1961.

## III. CONCLUSION

For the reasons given above, the Court grants plaintiffs' motion for default judgment.  Judgment will be entered in favor of Broadcast Music, Inc., and the other plaintiffs, and against defendants JMN Restaurant Management Corp. d/b/a Spin-a-Yarn Restaurant and Saki Kavouniaris, in the amount of $40,757.00.  Plaintiffs are responsible for serving this injunction on defendants.

**IT IS SO ORDERED**.

Dated: October 9, 2014

_____
JAMES DONATO
United States District Judge