UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADCAST MUSIC, INC., et al.,<br><br>             Plaintiffs,<br><br>      v.<br><br>JMN RESTAURANT MANAGEMENT CORP., et al.,<br><br>             Defendants. | Case No. 3:14-cv-01190-JD<br><br>**ASSIGNMENT ORDER**<br>Re: Dkt. No. 30 |

**BACKGROUND**

On October 10, 2014, the Court granted a motion for default judgment filed by a consortium of copyright holders ("BMI Group") against defendants JMN Restaurant Management Corp. (d/b/a/ Spin-a-Yarn Restaurant) and Saki Kavaouniaris (together "Spin A Yarn"), alleged infringers of BMI Group's copyrights. Dkt. No 25. A judgment in the amount of $40,757.00 was then entered. Dkt. No 26. BMI Group apparently has not been able to collect on the judgment and now asks the Court to assign to it Spin A Yarn's interest in payments from merchant banks or other processors of credit card payments that are related the operation of the Spin A Yarn restaurant. Dkt. No. 30. After Spin A Yarn failed to respond to the motion, the Court took it under submission pursuant to Civil Local Rule 7-1(b). Dkt. No. 31. The motion is granted.

**DISCUSSION**

The Federal Rules of Civil Procedure instruct that the procedure on execution of a money judgment in a federal district court must "accord with the procedure of the state" where the court is located (unless a federal statute controls, and none does here). Fed. R. Civ. P. 69(a)(1). California provides that a court may, upon noticed motion, order a judgment debtor to assign to a judgment creditor all or part of a right to payments "due or to become due, whether or not the right is conditioned on future developments." Cal. Civ. Proc. Code § 708.510. The statute grants

courts broad discretion to order an assignment in light of "all relevant factors." *Id.* A judgment creditor need not provide "detailed evidentiary support" of the payments due or to become due, but must only "describe [the sources of the right to payment] with sufficient detail so that [d]efendants can file a claim of exemption or other opposition." *Blue Grass Mfg. Co. of Lexington, Inc. v. Beyond A Blade, Inc.*, No. 10–mc-80248-WHA, 2011 U.S. Dist. LEXIS 70556, at *7 (N.D. Cal. May 5, 2011). And while California law establishes many exemptions to enforcement of money judgments, those are generally waived unless the judgment debtor asserts them in a timely fashion. Cal. Civ. Proc. Code § 703.030(a).

Because Spin A Yarn has failed to appear in this case despite proper service, the Court is equipped only with the facts alleged by BMI Group. Most salient among them: Spin A Yarn has not satisfied any of the judgment; Spin A Yarn continues to operate a restaurant in Fremont, California; Spin A Yarn has ceased operating its previous corporate form, JMN Restaurant Corp.; and approximately one year after the entry of default judgment, Spin A Yarn formed a new corporation, Spin A Yarn Steak House Inc. (California Entity No. C3850777), with Mr. Kavaounaris as its registered agent. Dkt. No. 30 at 2-3. BMI Group properly served its motion upon both the original Spin A Yarn defendants and Spin a Yarn Steak House, Inc. *Id.* at 49.

On these facts, the Court finds that an assignment order is appropriate. Spin a Yarn has apparently paid not a single cent of the judgment it owes BMI Group. *Id.* at 3. A year after entry of the default judgment, Mr. Kavaouniaris shut down his previous restaurant-related corporation and started a new one, listing the same registered address -- that of the Spin A Yarn restaurant. *Id.* While it is conceivable that there exists a good reason for this change in corporate form, the record before the Court does not show it and it seems likely that Spin a Yarn Steak House, Inc. is the same Spin a Yarn entity under a slightly different name. BMI Group properly served the assignment motion and defendants have received sufficient notice of the payments sought to be assigned. *Id.* at 49; *see Blue Grass v. Beyond A Blade*, 2011 U.S. Dist. LEXIS 70556 at *7. Based on the declarations provided by BMI Group, one or more merchant banks or other processors of credit card payments regularly make payments to Spin A Yarn, and these payments are assignable as accounts receivable. *See* Dkt. No. 30 at 16-49. And because the entry of an

assignment order does not immediately impact the rights of obligors, *see* Cal. Civ. Proc. Code § 708.540, it is irrelevant that BMI Group failed to serve any of the potential obligors (or to establish that any potential obligors are actual obligors).  *See Greenbaum v. Islamic Republic of Iran,* 782 F. Supp. 2d 893, 897 (C.D. Cal. 2008).

The assignment order is also sufficiently specific.  *Cf. Garden City Boxing Club, Inc. v. Briano*, No. 06-1270, 2007 U.S. Dist. LEXIS 95086, at *3-4 (E.D.Cal. Dec. 13, 2007) (request for a "general assignment of funds" is not sufficient to allow the court to consider the factors for assignment listed in § 708.510(c)).  While the assignment order is relatively broad, and does not identify specific thirty party obligors, the Court finds it sufficiently specific because it is limited to payments due to Spin a Yarn only from merchant banks or other processors of credit card payments.  This specific category of potential obligors gives Spin A Yarn ample notice of the payments sought to be assigned by BMI Group, and is sufficiently specific for the Court to determine the appropriateness of the assignment order pursuant to § 708.510(c).  *See Blue Grass v. Beyond A Blade*, 2011 U.S. Dist. LEXIS 70556 at *7.

## CONCLUSION

JMN Restaurant Corp., Saki Kavaouniaris, and Spin a Yarn Steak House Inc. are ordered to assign to BMI Group, through BMI Group's counsel at the Aires Law Firm, all rights to payment of money that is (1) due or to become due from any merchant bank or other processor of credit card payments, (2) related to the operation of the "Spin A Yarn" restaurant located at 45915 Warm Springs Boulevard in Fremont, California, and (3) necessary to satisfy in full the judgment entered in this action, which as of July13, 2016 equaled $40,828.80, inclusive of $40,757.00 for the original judgment and $71.80 of post-judgment interest.  Dkt. No. 30 at 2.  This assignment will remain in place until the payment is paid in full, including all accrued interest.

**IT IS SO ORDERED.**

Dated: August 29, 2016

JAMES DONATO
United States District Judge